# FERDINAND ZIEHM

*vs.*

# FRANK STEIL BREWING COMPANY OF BALTIMORE CITY, A Corporation.

*Contracts: mutuality; forfeiture and liquidated damages.*

On a bill to have declared null and to set aside an agreement because it contained provisions claimed not to be in the nature of liquidated damages, but to be in the nature of a forfeiture to enforce penalties, *it was held* that as there had been no default under the agreement and no evidence of any intention of declaring the forfeiture complained of, the relief should not be granted.                                        p. 587

A saloon keeper had been refused a loan by a building association, but subsequently upon the endorsement and guarantee of a brewing company a loan was effected greater than what had been originally applied for, and in excess of the value of the property mortgaged to secure the loan; the agreement of the brewing company contained a condition that for a term of years the saloon keeper should sell no beer but that bought of the brewing company, he, however, being free to sell whatever wines or liquors he chose: *Held* that, under the circumstances, the agreement was not void for want of mutuality, although the brewing company had not bound itself to furnish whatever beer the saloon keeper might require.                    pp. 587-588

*Decided December 13th, 1917.*

Appeal from the Circuit Court of Baltimore City. (STUMP, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, STOCKBRIDGE and CONSTABLE, JJ.

*George J. Kessler* (with whom was *Frank F. Luthardt* on the brief), for the appellant.

*E. Allan Sauerwein,* for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

In November, 1912, Ferdinand Ziehm, the appellant, was desirous of embarking in the saloon business. He had but $400 with which to begin, and applied to the Frank Steil Brewing Co. to tell him if the officers of that company knew of a business which he could buy, and whether they would advance him the money required to make such purchase.

He was directed to look up a saloon then being conducted by Henry Becher at 1719 Latrobe street, which on investigation appeared to him suitable for his purpose. He so reported to Mr. Frank Steil, the president and general manager of the Brewing Co.; asked that some one connected with the brewery endeavor to negotiate the purchase for him; and also for aid in financing the transaction. On November 18th an agreement for the sale was consummated between Mr. Becher and Henry Buchsbaum, the secretary of the Brewing Company, for the price of $2,350, and $500 was paid as a cash payment to Mr. Becher for the property, stock of liquors on hand and fixtures, and on the same day Mr. Ziehm drew from the bank $400 which he paid over to the Brewing Company, and entered into possession of the premises.

To raise the necessary balance of the purchase money an application was made to the Standard Permanent Building and Savings Association for $1.560. The original application was refused, the committee of the building association not regarding the property as adequate security for the loan asked. A guarantee was then given the building association by the Brewing Company and by Mr. Frank Steil individually, for the repayment of the loan, and on this being done the loan was granted.

The several negotiations referred to were fully consummated on the 27th of November, and there were then exe-

cuted a series of papers to carry out the undertakings of the parties. These were a deed from Mr. Becher and wife to Mr. Ziehm and wife; a mortgage from Mr. Ziehm and wife to the Standard Building and Savings Association; an agreement between Mr. and Mrs. Ziehm and the Brewing Company and an assignment to the Brewing Company of the lot conveyed by Becher to Ziehm. This case has to do only with the agreement of November 27th and the assignment to the Brewing Company.

The agreement recites that the Brewing Company had agreed to procure, and had procured from the building association a loan of $1,560; the giving of the mortgage on the Latrobe street property to secure the repayment of the loan, and that the Brewing Company and Frank Steil individually had given to the Building Association their guarantee "to hold the association harmless against every loss which it may sustain." Mr. and Mrs. Ziehm upon their part agreed to conduct a saloon on the premises for a period of ten years and to "cause nothing to be done which will forfeit the State and City license, and that no other beer, both bottled and keg, be sold on said premises for ten years from the date hereof, except that brewed by the Frank Steil Brewing Company, * * * and to secure the payment weekly of the price of said beer at the ruling market price."

It further provided that in the event of a default in any of the agreements set out to be done and performed by Ziehm that "said property shall absolutely belong to the Frank Steil Brewing Company of Baltimore City, its successors and assigns, free, clear and discharged of every interest and estate of the said" Ziehms, "and that all moneys paid on account of said property or instalments paid to said Building Association on account of said mortgage, and every other interest of whatsoever kind in said property held by the said Ferdinand Ziehm and Caroline Louise Brohm Ziehm, his wife, shall go to and belong to the said Frank Steil Brewing Company of Baltimore City, its successors and assigns, as liquidated damages; but provided also, that after the said

Ferdinand Ziehm and Caroline Louise Brohm Ziehm, his wife, shall have fully performed the agreement herein on their part agreed to, then said property shall be again reconveyed to the said Ferdinand Ziehm and Caroline Louise Brohm Ziehm, his wife, or survivor of them, absolutely, free, clear and discharged of every claim thereon hereunder by the said Frank Steil Brewing Company of Baltimore City; subject, however, of course, to any balance that may be owing to the said building association on account of said mortgage, which said mortgage, it is expressly understood, is to be paid off by the said Ferdinand Ziehm and Caroline Louise Brohm Ziehm, his wife."

In addition to the amount so raised on the mortgage Mr. Steil loaned to the appellant the sum of $410.64, for which the appellant gave his note and which note was paid off in due time.

On the 13th January, 1914, the Standard Permanent Building and Savings Association executed a release of the mortgage of November 27, 1912, which release recited the payment in full of the mortgage indebtedness and released the premises described in the mortgage, not to the Brewing Company in which the record title of the property then stood, but to Ziehm and his wife.

Mrs. Ziehm, who was interested in the property as a tenant by the entireties with her husband, died on the 3rd January, 1916, and at some time thereafter and before the filing of the bill in this case on the 15th December, 1916, Mr. Ziehm endeavored to dispose of the property but found his sale blocked by the agreement and the conditions contained in it.

This bill was accordingly filed which endeavors to repudiate the agreement and prays:

1st. That the agreement of November 27th be declared null and void.

2nd. That the deed from Ziehm and wife to the Brewing Company be declared void.

3rd. That the Brewing Company be required to convey to the appellant the property and premises 1719 Latrobe street.

4th. That an injunction issue restraining and prohibiting the Brewing Company, its officers and agents, from conveying or in any manner dealing with the title to the property.

The Circuit Court of Baltimore City by its decree of the 25th June, 1917, dismissed the bill, and from that decree this appeal has been taken.

The appellant seeks relief upon two grounds: 1st, on the theory that the agreement of November 27th, 1912, was lacking in mutuality, and therefore, void; and 2nd, for the reason that the forfeiture provisions in case of any default upon Ziehm's part in doing any one of the several matters enumerated in the agreement is a penalty and not liquidated damages and that courts are loath to enforce a penalty.

It is unnecessary in this case to seriously consider whether the forfeiture provisions are in reality a penalty or in the nature of liquidated damages for the reason that no default in any of the provisions mentioned in the agreement has taken place and no attempt has been made by the Brewing Company to enforce the provisions in question, or any of them, by declaring a forfeiture. It will be time enough to consider this when such attempt is made.

With regard to the lack of mutuality as a ground for setting aside the agreement and deed, a different question is presented, but not one involving any special difficulty.

The Brewing Company, after the original application for the loan had been refused, secured the granting of it by guaranteeing to the Building Association the repayment of the money loaned. The agreement calls for a guarantee both on the part of the Brewing Company and of Frank Steil, individually. There is no conflict of evidence that the guarantee was given by Mr. Steil individually, by assigning to the Building Association fifteen shares of free stock. With regard to the guarantee on the part of the corporation, it is positively testified by Mr. Steil that such guarantee was given, and he is not directly contradicted upon this point.

No written guarantee was produced, and there was some diversity in the evidence as to the form of the phraseology of the guarantee; whether upon a special form or upon one of the general forms in use by the company; but the same witnesses who differ thus as to the form testified without objection or contradiction to the fact of the guarantee having been given. This being so there was good and valuable consideration moving from the Brewing Company to Mr. Ziehm sufficient to support the agreement executed between the parties. This became all the more apparent by reason of the fact that the stock of liquors and fixtures which were acquired by Mr. Ziehm from Mr. Becher were valued at approximately $1,100, so that the amount of the loan from the Building Association was clearly in excess of the value of the leasehold property.

There is no attempt to deny the execution of the agreement, there is no pretense that Mr. Ziehm had not told Mr. Steil that he intended to sell only the Steil beer, and told him this prior to the execution of the agreement, though he denies that any definite period of time for which he so bound himself was mentioned. In this he is directly contradicted by several witnesses and whether it had been previously mentioned or not it was incorporated in the agreement to which Mr. Ziehm appended his signature, and though it may have been a foolish act upon his part to make such a contract, that fact can not operate as a cause sufficient to justify a Court of Equity in holding the contract unilateral, and for that reason null and void.

There are a great number of cases in which the courts have been asked to pass upon contracts, and to set them aside upon the same ground as that urged in the present case, and an examination of these shows considerable diversity of view taken by the various courts.

The mere fact standing by itself that one party has agreed to use only the goods furnished by another without a corresponding obligation or agreement to furnish whatever goods may be required is not sufficient to bring the contract within

the inhibition of the law, and the general rule, which has been adopted in this and other States, is to the effect that an accepted offer to furnish or deliver such articles of personal property as shall be needed, required or consumed by the established business of the acceptor, during a limited time, is binding and may be enforced, because it contains an implied agreement of the acceptor to purchase all articles that shall be required in conducting his business during the time named from the party who makes the offer.    *Wells* v. *Alexandre,* 15 L. R. A. 218; *Minn. Lumber Co.* v. *White Breast Coal Co.,* 31 L. R. A. 529.

In the present case we have an agreement to sell only the beer of the Frank Steil Brewing Company for a period of ten years, made by a man who was conducting a saloon business, in which it was matter of common knowledge that beer is one of the most important articles of the traffic; there is no limitation as to the kind of wines or distilled liquors which shall be sold, but there is as to the character of business which shall be conducted on the premises; the price named is not one specified price for the entire term, but by the terms of the agreement is liable to variations, according to the prevailing market rates. In that respect the agreement under consideration differs markedly from the contracts in many of the cases cited and relied on by the appellant where the agreements provided for sale and delivery at specified prices during the period named, and where the proposed purchaser was not limited as in this case to the conduct of a business of limited scope as to the products to be sold.

This case also differs widely from the case of *Parks* v. *Griffith,* 123 Md. 233, where the supposed undertaking was to meet the prices of a competitor, which prices did not appear in that case to have been definitely furnished, and where doubt was thrown upon the accuracy of the prices which were given, by alterations made by one of the parties.

The decree appealed from will, therefore, be affirmed.

*Decree affirmed, with costs.*